**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **Rebecca Tagle**, | § § § |
| Plaintiff, | § Case No. § |
| v. | § § |
| **Diversified Consultants, Inc.**, | § Complaint and Demand for Jury Trial § |
| Defendant. | § § § |

## COMPLAINT

**Rebecca Tagle** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Diversified Consultants, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA).

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Alamo, Texas 78516.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA by 15 U.S.C. § 1692k(a). See e.g., Wenrich v. Robert E. Cole, P.C, 2001 WL 4994, at *3 (December 22, 2000).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this phone number as a cellular telephone.

14. Beginning in or around January 2018 and continuing through in or around February 2018, Defendant repeatedly called Plaintiff on her cellular telephone to collect on an alleged debt.

15. To Plaintiff's understanding, the debt about which Defendant was contacting Plaintiff was a cellular-telephone debt incurred primarily for personal, household, or family purposes.

16. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

17. Because Plaintiff cannot owe any business or commercial debts, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

18. In or around January 2018, Plaintiff told Defendant that she did not wish to be contacted.

19. Once Defendant was aware Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

20. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff throughout February 2018.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while in the midst of performing her work-related obligations.

22. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated both Section 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint.

**Wherefore**, Plaintiff, **Rebecca Tagle**, respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

   b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

   c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

   d. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Rebecca Tagle**, demands a jury trial in this case.

Respectfully submitted,

Dated: 2/8/19

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com